**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1468-15T3

CARLOS COLON,

      Appellant,

v.

NEW JERSEY STATE
PAROLE BOARD,

      Respondent.

_____

      Submitted May 15, 2017 — Decided May 30, 2017

      Before Judges Haas and Geiger.

      On appeal from New Jersey State Parole Board.

      Carlos Colon, appellant pro se.

      Christopher S. Porrino, Attorney General,
      attorney for respondent (Lisa A. Puglisi,
      Assistant Attorney General, of counsel;
      Gregory R. Bueno, Deputy Attorney General, on
      the brief).

PER CURIAM

    Appellant Carlos Colon appeals from the August 26, 2015 final

administrative decision of the New Jersey State Parole Board

("Board") denying him parole and imposing a ninety-month Future

Eligibility Term ("FET"). We affirm.

On May 10, 1985, appellant pled guilty to first-degree murder, first-degree robbery, and fourth-degree unlawful possession of a weapon. On June 14, 1985, the trial court merged the robbery and weapons possession counts into the murder conviction and sentenced appellant to life in prison, with a thirty-year period of parole ineligibility.

In September 2014, appellant became eligible for parole consideration for the first time. On September 12, 2014, a two-member panel of the Board denied parole for several reasons. Among other things, the panel noted appellant's extensive and repetitive criminal record, his past failures to respond favorably to community supervision, and the eleven disciplinary infractions he committed while incarcerated. In addition, the panel found that appellant exhibited insufficient insight into his criminal behavior, and failed to express any remorse for the death of his victim.

A three-member Board panel thereafter recommended a ninety-month FET. The full Board ratified that decision, finding without merit appellant's challenges to both the parole denial and the length of the FET. This appeal followed.

On appeal, appellant contends that the Board's decision is arbitrary and capricious and should be set aside. He also argues that the ninety-month FET is excessive. We disagree.

We must accord considerable deference to the Board and its expertise in parole matters. Our standard of review of the Board's decisions is limited, and "grounded in strong public policy concerns and practical realities." Trantino v. N.J. State Parole Bd., 166 N.J. 113, 200 (2001) ("Trantino V"). "The decision of a parole board involves 'discretionary assessment[s] of a multiplicity of imponderables[.]'" Id. at 201 (alteration in original) (quoting Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 10, 99 S. Ct. 2100, 2105, 60 L. Ed. 2d 668, 677 (1979)).

"To a greater degree than is the case with other administrative agencies, the Parole Board's decision-making function involves individualized discretionary appraisals." Ibid. (citing Beckworth v. N.J. State Parole Bd., 62 N.J. 348, 358-59 (1973)). Consequently, our courts "may overturn the Parole Board's decisions only if they are arbitrary and capricious." Ibid. We will not disturb the Board's factual findings if they "could reasonably have been reached on sufficient credible evidence in the whole record." Id. at 172 (quoting Trantino v. N.J. State Parole Bd., 154 N.J. 19, 24 (1998) ("Trantino IV") (quoting N.J. State Parole Bd. v. Cestari, 224 N.J. Super. 534, 547 (App. Div.), certif. denied, 111 N.J. 649 (1988))); see also McGowan v. N.J.

State Parole Bd., 347 N.J. Super. 544, 563 (App. Div. 2002) (applying that standard).

Having reviewed the record in light of these well-accepted standards, including the materials in the confidential appendix, we conclude that appellant's arguments are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(D). There is abundant support in the record for a conclusion that there is a "substantial likelihood that [appellant] will commit a crime . . . if released on parole" at this time. N.J.S.A. 30:4-123.53(a) (amended 1997). Therefore, we discern no basis for disturbing the Board's decision to deny parole.

We likewise are satisfied that the ninety-month FET imposed by the Board, although lengthy, is neither arbitrary nor capricious. An inmate serving a sentence for murder is ordinarily assigned a twenty-seven month FET after a denial of parole. N.J.A.C. 10A:71-3.21(a)(1). However, in cases where an ordinary FET is "clearly inappropriate due to the inmate's lack of satisfactory progress in reducing the likelihood of future criminal behavior," the Board may impose an FET in excess of administrative guidelines. N.J.A.C. 10A:71-3.21(d). As noted above, the Board found that appellant has thus far been unable to identify the causes of his criminal behavior, and has failed to

develop adequate and appropriate insight in how to prevent himself from engaging in future criminal conduct. He also continues to commit infractions of prison rules while incarcerated. Under the totality of these circumstances, the Board appropriately imposed a ninety-month FET.

Finally, appellant argues that because Board members Lloyd Henderson and James Jefferson served as the two-member panel that considered his parole application in the first instance, they were barred from being part of the three-member panel, with Board member Julio Marenco, that established his ninety-month FET. This contention lacks merit.

N.J.A.C. 10A:71-1.5(b) states that "[a] Board member shall not participate in any Board or Board panel disposition of the member's initial decision[.]" (emphasis added). Contrary to appellant's contention, the three-member panel did not review the two-member panel's initial decision to deny appellant's parole request. Rather, the three-member panel's sole task was to set the FET. All three Board members thereafter recused themselves from participating in the full Board's final agency decision. Thus, no Board member sat in direct review of his own "initial decision" during the application process and, therefore, the Board clearly complied with the requirements of N.J.A.C. 10A:71-1.5(b).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1468-15T3